**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| OMNILINK SYSTEMS, INC., | |
| | |
|     **Plaintiff,** | |
| | |
| v. | **CIVIL ACTION** |
| | **FILE NO. _____** |
| NEXUS PROGRAMS INC., | |
| NEXUS SERVICES, INC., | |
| RICHARD EDWARD MOORE, AND | |
| MICHAEL PAUL DONOVAN, | **JURY TRIAL DEMANDED** |
| | |
|     **Defendants.** | |

## VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW, Plaintiff Omnilink Systems, Inc. ("Omnilink" or "Plaintiff") and hereby files this Complaint against the above-named Defendants, showing the Court as follows:

### NATURE OF ACTION

1.

This is an action for breach of contract against Nexus Programs Inc. ("Nexus Programs") for utilizing Omnilink's products and services without compensation, in violation of a Master Services Agreement ("MSA").

2.

This is also a *quantum valebant* and *quantum meruit* action against Nexus Programs, Nexus Services, Inc. ("Nexus Services"), Richard Edward Moore ("Moore"), and Michael Paul Donovan

("Donovan") (collectively, "Defendants") for utilizing Omnilink's products and services without compensation despite benefitting from said use.

3.

This is also a fraud, fraudulent misrepresentation, and negligent misrepresentation action against Nexus Programs, Nexus Services, Moore, and Donovan for their false statements made, and actions taken, to induce Omnilink to provide Nexus Programs with products and services.

4.

This is also an action to avoid fraudulent transfers that, upon information and belief, Nexus Programs made for the benefit of the other Defendants, and to pierce the corporate veil and hold Nexus Programs, Nexus Services, Moore, and Donovan jointly and severally liable for the actions that caused Plaintiff damages.

**THE PARTIES**

5.

Omnilink is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. It is in the business of

providing web-based monitoring and tracking solutions and related products and services for offender[1] management.

6.

Nexus Programs is a corporation organized and existing under the laws of Virginia, with its principal place of business in Shenandoah, Virginia. It is in the business of providing electronic monitoring services in connection with immigrant bond securitization.

7.

Upon information and belief, Nexus Services is the parent corporation of Nexus Programs, and is the successor-in-interest to Nexus Programs. It is organized and existing under the laws of Virginia, with its principal place of business at 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482. Upon information and belief, Nexus Services is engaged in the business of, among other things, providing electronic monitoring services in connection with immigrant bond securitization.

---

[1] Offenders are individuals who are required by the judicial system, U.S. Immigration and Customs Enforcement, or other organizations to physically wear a device that is monitored to acquire and track geophysical information regarding the individual's location.

8.

Moore is an individual who is the owner, Director of Operations, Vice President of Operations, and Registered Agent of Nexus Programs, and upon information and belief, is an owner of Nexus Services.  Moore resides at 47 S. Windsong Court, Fishersville, Virginia 22939-2175.

9.

Donovan is an individual who is the owner and Executive Director of Nexus Programs, and upon information and belief, is an owner of Nexus Services.  Donovan resides at 406 Comer Lane, Shenandoah, Virginia 22849.

## JURISDICTION AND VENUE

10.

This Court has jurisdiction over the subject matter of this case, pursuant to 28 U.S.C. § 1332.

11.

Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.

This Court has personal jurisdiction over Nexus Programs, since it contractually agreed to the jurisdiction of this Federal Court in Georgia, and it has, at all times relevant to

this action, conducted business within Georgia, including its business with Omnilink. Moreover, Nexus Programs committed fraud within the State of Georgia. Nexus Programs may be served with a copy of the Complaint and Summons through its registered agent, Richard Moore, 422 1st Street, Shenandoah, Virginia 22849.

13.

This Court has personal jurisdiction over Nexus Services because its subsidiary corporation, Nexus Programs, contractually agreed to the jurisdiction of this Federal Court in Georgia, and, upon information and belief, it has, at all times relevant to this action, conducted business within Georgia and benefitted from Omnilink's business transactions with Nexus Programs. Moreover, upon information and belief, Nexus Services is now the successor-in-interest to Nexus Programs. Further, Nexus Services committed fraud within the State of Georgia. Nexus Services may be served with a copy of the Complaint and Summons through its registered agent, Rebecca Neal, 113 Mill Place Parkway, Suite 103, Verona, Virginia  24482.

14.

This Court has personal jurisdiction over Moore as his corporation, Nexus Programs, contractually agreed to the jurisdiction in this Federal Court in Georgia, and he has, at all times relevant to this action, conducted business within the

state of Georgia, benefitted from Omnilink's business transactions with Nexus Programs, and upon information and belief, traveled to Georgia. Moreover, Moore committed fraud within the State of Georgia. Moore may be served with a copy of the Complaint and Summons at his residence of 475 S. Windsong Court, Fishersville, Virginia 22939, and at his place of business located at 422 1st Street, Shenandoah, Virginia 22849.

15.

This Court has personal jurisdiction over Donovan as his corporation, Nexus Programs, contractually agreed to the jurisdiction in this Federal Court in Georgia, and he has, at all times relevant to this action, conducted business within the state of Georgia, and benefitted from Omnilink's business transactions with Nexus Programs, and upon information and belief, traveled to Georgia. Moreover, Donovan committed fraud within the State of Georgia. Donovan may be served with a copy of the Complaint and Summons at his residence of 406 Comer Lane, Shenandoah, Virginia 22849, and at his place of business located at 422 1st Street, Shenandoah, Virginia 22849.

16.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and (3).

## **FACTS**

**A.   Master Services Agreement**

### 17.

On November 4, 2013, Nexus Programs and Omnilink entered into a Master Services Agreement ("MSA"), whereby Omnilink agreed to provide web-based monitoring and tracking solutions and related products and services for offender management to Nexus Programs in exchange for agreed upon compensation.  A true and correct copy of the executed MSA is attached hereto as Exhibit "A" and is incorporated herein by reference.

### 18.

In connection therewith, Omnilink provided Nexus Programs with hardware necessary to track and monitor offenders, and also provided Nexus Programs with software services necessary to track and monitor offenders.

### 19.

The term of the MSA was one (1) year, with an evergreen renewal period of twelve (12) months each renewal.  Accordingly, the initial term of the MSA was from November 4, 2013 until November 3, 2014, and the MSA was renewed for an additional term from November 4, 2014 through November 3, 2015.

20.

The MSA is a valid and binding contract upon Omnilink and Nexus Programs.

21.

Under the MSA's terms, Nexus Programs initially agreed to the following pricing for Omnilink's goods and services:

| No. of Electronic Monitoring Units | Per Diem Cost Per Unit |
|---|---|
| 1 – 50 | $4.00 |
| 51 – 100 | $3.75 |
| 101+ | $3.50 |

22.

In addition, the MSA permitted a shelf allowance of twenty percent (20%), and provided for the following additional pricing for Omnilink's goods and services:

| Goods/Services | Cost |
|---|---|
| Device Replacement Cost | $450.00 per device.[2] |
| Extra Omnilink strap | $25.00 per extra strap |

---

[2] The term device refers to the hardware that is affixed to the offender for monitoring purposes. The term device, unit, and device unit shall interchangeably refer to the same monitoring hardware.

| | |
|---|---|
| Extra Omnilink backplate | $20.00 per extra plate |
| Extra Omnilink charger | $20.00 per extra charger |
| Extra Power cord | 10.00 per extra cord |
| Shelf devices | $2.00 per device over allowable limit |

23.

On April 8, 2014, the MSA was amended to change the pricing per device as follows:

| Number of Units | Per Diem Cost Per Unit |
|---|---|
| 250+ | $3.25 |
| 500+ | $3.00 |

24.

On August 31, 2014, the MSA was amended to change the pricing as follows:

| Goods/Services | Cost |
|---|---|
| Per unit price | $3.00 per day |
| Device replacement cost | $350.00 per device |
| Extra Omnilink strap | $18.00 per extra strap |
| Extra Omnilink backplate | 9.50 per extra plate |
| Extra Omnilink charger | $20.00 per extra charger |

| Extra power cord | No charge |
|---|---|
| Shelf Devices | $1.00 per device over allowable limit |

25.

Nexus Programs agreed to pay invoices within thirty (30) days of receipt. Moreover, pursuant to MSA §6.3, late payments accrued interest at a rate of 1.5% of the outstanding balance per month from the date such payment is due until the date paid.

26.

From November 1, 2013 through September 1, 2015, Omnilink provided goods and services to Nexus Programs in the cumulative amount of $1,831,427.61, exclusive of interest. Nexus Programs was duly invoiced for same. It, however, has only paid $788,077.44 of the invoice balances, thereby leaving an account balance of $1,151,168.45, including interest, as of September 1, 2015. A true and correct copy of Omnilink's balance ledger on the Nexus Programs account is attached hereto as Exhibit "B".

27.

MSA §6.5 provides that if Nexus Programs does not pay all applicable amounts when due, Omnilink may suspend Nexus Programs' access to its services and/or withhold shipment of products until all past due amounts are paid in full, provided

Omnilink provides written notice to Nexus Programs of such failure and its intent to suspend services.

28.

On July 29, 2015, Omnilink provided notice to Nexus Programs of its intent to suspend services, effective August 15, 2015, pursuant to MSA §6.5. A true and correct copy of the Notice of Intent to Suspend Services and Terminate Agreement (the "Notice") is attached hereto as Exhibit "C".

29.

On September 1, 2015, Nexus Programs' services were suspended.

30.

Pursuant to MSA §12.2, the MSA can be terminated for Nexus Programs' material breach, including failure to timely pay fees, if such breach is not cured within thirty (30) days following receipt of notice specifying the breach.

31.

On July 29, 2015, Omnilink provided notice to Nexus Programs of Nexus Programs' breach of the MSA for non-payment, and Omnilink's intent to terminate the MSA if Nexus Programs failed to cure its breach by August 31, 2015.

32.

On September 1, 2015, Omnilink terminated the MSA.

33.

Pursuant to MSA §§6.3, 7.5, and 13.2, Nexus Programs agreed to be liable for all sums, fees, costs and expenses, including reasonable attorneys' fees, that Omnilink is forced to incur to collect its monies, exercise its remedies, repossess the devices, and/or as a result of Nexus Programs' failure to pay its obligations and its breaches and default under the MSA.

34.

Pursuant to MSA §14.4, Nexus Programs agreed that the laws of Georgia govern all matters arising out of or relating to the MSA. Nexus Programs further agreed that any action at law or at equity arising out of or relating to the MSA shall be only filed in state or federal courts in Georgia. Nexus Programs consented and submitted to the personal jurisdiction of this Court for the purposes of litigating any action.

**B.  <u>Nexus Programs' Operations</u>**

35.

Pursuant to the Commonwealth of Virginia State Corporate Commission ("VSCC") website, Nexus Programs' incorporation status with the VSCC has been terminated. Omnilink is unable to determine, at this time, the nature of the termination.

36.

Upon information and belief, Nexus Programs may have ceased operations sometime between April 2015 and August 2015. Yet, Omnilink's products and services continued to be utilized. If Nexus Programs has ceased operations, upon information and belief, Nexus Programs' operations were assumed by Nexus Services, and Nexus Services is the successor-in-interest to Nexus Programs.

37.

Upon information and belief, since Nexus Programs has ceased operations, Nexus Services has been utilizing Omnilink's devices and services in the continuation and execution of Nexus Programs' business.

C.   **Nexus Programs' Assets**

38.

Since Nexus Programs has ceased operations, upon information and belief, Nexus Programs no longer has any assets, and has transferred its property to Nexus Services, Moore, and Donovan.

39.

Upon information and belief, since Nexus Programs has transferred its property, it was done with the actual intent to hinder, delay, or defraud Omnilink, and/or Nexus Programs

received less than reasonably equivalent value for the transfer and is now insolvent, inadequately capitalized, and/or intended to incur debts that are beyond its ability to pay as they come due.

**D.    Interrelated, Commingled Entities**

40.

Upon information and belief, Nexus Programs and Nexus Services are not separate legal entities, and each corporation has disregarded the corporate entity of the other.

41.

Upon information and belief, Donovan and Moore have disregarded Nexus Programs' corporate entity, as well as the corporate entity of Nexus Services.

42.

Because of the actions and inactions of Nexus Programs, Nexus Services, Moore, and Donovan, the liability shield that is afforded to legitimate corporations and shareholders should be pierced for, upon information and belief, a number of reasons, including, but not limited to: (i) Nexus Programs is insolvent despite significant corporate debt to Omnilink; (ii) Donovan, Moore, and any other shareholders of Nexus Programs and/or Nexus Services have disregarded the corporate entities; (iii) Nexus Services exists and is being used to hinder, delay, or defraud

Omnilink; (iv) a fraud will result if the corporate structures of Nexus Programs and Nexus Services were allowed to shield Donovan and Moore from liability; and (v) Donovan, Moore, and other shareholders have used Nexus Programs and Nexus Services as a sham, or to defeat a public convenience, to justify a wrong, protect fraud, and/or defend crime.

43.

Upon information and belief, as it relates to Nexus Programs and Nexus Services, funds were commingled, corporate formalities were not followed, Nexus Programs was not adequately capitalized in an attempt to avoid debts, Nexus Services exerted excessive control over Nexus Programs, and/or Nexus Programs was undercapitalized.

**E.    Nexus Programs' Fraudulent Representations**

44.

After Nexus Programs failed to timely pay its invoices, Omnilink's representatives repeatedly expressed to Nexus Programs the urgent need to bring its account current if it desired to continue receiving goods and services from Omnilink.

45.

On numerous and repeated occasions since January 2015, Nexus Programs/Nexus Services represented that it intended to bring its account current, and that it had remitted payments and

said payments were "in the mail".  Nexus Programs/Nexus Services made these representations because it desired to receive additional goods and services from Omnilink.

46.

In April 2015, Nexus Programs/Nexus Services, through Moore and Donovan, stated that it agreed to pay Omnilink $50,000.00 per week until its account became current.  On numerous weeks when the $50,000.00 check was not received by Omnilink during the applicable week, Nexus Programs/Nexus Services, through Moore and Donovan, claimed that the check had been mailed and Omnilink would receive it shortly.  Indeed, on at least one occasion, Nexus Programs/Nexus Services, through Moore and Donovan, claimed that as many as five (5) checks were in the mail for $50,000.00 each, and that Omnilink would receive said payments in a short term.

47.

In the vast majority of instances, Omnilink subsequently determined that there never were any checks that were placed in the mail, and thus, Omnilink never received those promised payments.

48.

As for recent examples, on or about July 24, 2015, Nexus Programs/Nexus Services, through Moore and Donovan, stated that

it would provide Omnilink with electronic check information for six (6) payments of $50,000.00 each over the telephone but Nexus Programs never did so.

49.

Yet, on August 18, 2015, Moore admitted that Nexus Programs/Nexus Services did not have the funds to pay the amounts due.

50.

Nonetheless, between August 18, 2015 and September 1, 2015, Nexus Programs/Nexus Services, through Moore and Donovan, continued making representations about payments that it would make in order to continue the business relationship with Omnilink. Despite Omnilink's best attempts to work with Nexus Programs/Nexus Services to resolve its obligations, it still failed, yet again, to honor its commitments.

51.

In short, from January 2015 through September 2015, Nexus Programs/Nexus Services, through Moore and Donovan, repeatedly made representations that it would honor its payment obligations, that payments had been mailed, and that it would enter into and honor a new payment arrangement with Omnilink for the arrearages all in an effort to continue receiving devices and web-based software services from Omnilink.

52.

Upon information and belief, Nexus Programs, Nexus Services, Moore, and Donovan made statements concerning the mailed checks with the intention of deceiving Omnilink into continuing to provide services while knowing that Nexus Programs did not have the funds to pay Omnilink.

**F.  Omnilink is Entitled to Its Attorneys' Fees**

53.

On August 19, 2015, Omnilink provided Nexus Programs/Nexus Services with notice of its intent to enforce the attorneys' fees provisions in the MSA, pursuant to O.C.G.A. §13-1-11.  A true and correct copy of the attorneys' fees notice is attached hereto as Exhibit "D".

**COUNT I – BREACH OF CONTRACT**

54.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

55.

The MSA is a binding and enforceable agreement between Omnilink and Nexus Programs/Nexus Services.

56.

From November 2013 through September 2015, Nexus Programs was provided with invoices on a monthly basis for the goods and services provided to it by Omnilink.

57.

Nexus Programs failed to pay those invoices in full, and as of September 1, 2015, it has an account balance for said invoices in the cumulative amount of $1,151,168.45, including interest.

58.

Despite Omnilink's repeated requests and demands for payment, Nexus Programs has refused to provide payment.

59.

Nexus Programs has materially breached its obligations to Plaintiff under the MSA.

60.

Plaintiff has suffered significant economic injury as a result of Nexus Programs' breach.

61.

Plaintiff, therefore, is entitled to recover from Nexus Programs, for the unpaid invoices from November 2013 through September 2015, in the cumulative amount of $1,151,168.45.

## COUNT II – QUANTUM VALEBANT AND QUANTUM MERUIT

62.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

63.

Omnilink conferred a substantial benefit on Nexus Programs, and upon information and belief, Nexus Services, Moore, and Donovan by providing them with goods and services in excess of $1,151,168.45 through September 1, 2015, for which Omnilink has not received compensation.

64.

Defendants had knowledge of this benefit by virtue of the fact that Nexus Programs and Nexus Services ordered the devices, activated the devices, utilized the devices, and had knowledge of the price for the devices and services at the time that it ordered and activated the devices.

65.

Defendants voluntarily accepted the benefit of Omnilink's goods and services, and retained the benefit conferred.

66.

Nexus Programs and Nexus Services utilized Omnilink's devices and services to monitor its customers.  Nexus Programs

and Nexus Services were paid considerably by their customers for the devices and related monitoring.

67.

Defendants did not pay for the goods and services. It would be inequitable to permit Defendants to retain the benefit of the goods and services without paying Omnilink the reasonable value therefor.

68.

Omnilink is entitled to recover from Defendant at least $1,151,168.45, plus pre-judgment interest at the rate of one and one half (1.5%) percent per month from the date each invoice became due and payable until the date of judgment.

## COUNT III – FRAUD

69.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

70.

Since January 2015, Nexus Programs, Nexus Services, Moore, and Donovan repeatedly made false representations of fact to Omnilink concerning payments that were mailed, would be mailed, and/or would be made on its account.

71.

Nexus Programs, Nexus Services, Moore, and Donovan knew, at the time that the representations were made, that they were false.

72.

Nexus Programs, Nexus Services, Moore, and Donovan purposefully made the false representations with the intent to induce Omnilink to refrain from suspending its services and/or from terminating the MSA, and to induce Omnilink to continue sending it more devices and to continue providing Nexus Programs with web-based software services to enable Nexus Programs to monitor its customers.

73.

Omnilink justifiably relied on the representations that were made by Nexus Programs, Nexus Services, Moore, and Donovan and refrained from suspending services and/or terminating the Agreement, and continued to provide Nexus Programs with the devices and services.

74.

Of note, upon information and belief, based upon criminal records and other reports, Moore and Donovan have a pattern and practice of engaging in fraudulent activities. They were, thus,

cognizant of the fact that they were engaging in fraudulent conduct when working with Omnilink.

75.

As a direct and proximate result of Nexus Programs, Nexus Services, Moore, and Donovan's actions, Omnilink has suffered damages in an amount of at least $1,151,168.45.

**COUNT IV – FRAUDULENT MISREPRESENTATION**

76.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

77.

In order to induce Omnilink to refrain from suspending services and/or terminating the MSA, and to induce Omnilink to continue providing Nexus Programs/Nexus Services with devices and services, Nexus Programs, Nexus Services, Moore, and Donovan repeatedly and fraudulently represented that it had made payments, payments were in the mail, and/or that it would make payments.

78.

When Nexus Programs, Nexus Services, Moore, and Donovan made the misrepresentations, they did so with knowledge that the representations were false or without knowledge of its truth.

79.

In communicating the foregoing false and misleading information, Nexus Programs, Nexus Services, Moore, and Donovan intended to influence Omnilink's decisions relative to continuing to provide services and devices to Nexus Programs.

80.

Nexus Programs, Nexus Services, Moore, and Donovan knew or should have known that Omnilink would rely upon its misrepresentations and in fact intended for Omnilink to rely upon the information.

81.

At the time of said misrepresentations and omissions, Omnilink was ignorant of their falsity and believed them to be true. In justifiable reliance upon these misrepresentations, Omnilink continued to provide services and devices to Nexus Programs.

82.

As a result of Nexus Programs, Nexus Services, Moore, and Donovan's fraudulent misrepresentations, they have proximately caused injury to Plaintiff, and has resulted in damages or loss to Plaintiff in an amount of at least $1,151,168.45.

## COUNT V – NEGLIGENT MISREPRESENTATION

83.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

84.

In order to induce Omnilink to refrain from suspending services and/or terminating the MSA, and to induce Omnilink to continue providing Nexus Programs/Nexus Services with devices and services. Nexus Programs, Nexus Services, Moore, and Donovan repeatedly represented that Nexus Programs/Nexus Services had made payments, payments were in the mail, and/or that it would make payments.

85.

In connection with Nexus Programs, Nexus Services, Moore, and Donovan's negligent misrepresentations, they failed to exercise reasonable care and competence in formatting and communicating the information.

86.

In communicating the foregoing false and misleading information, Nexus Programs, Nexus Services, Moore, and Donovan intended to influence the decisions of Omnilink relative to continuing to provide services and devices to Nexus Programs.

87.

Nexus Programs, Nexus Services, Moore, and Donovan knew or should have known that Omnilink would rely upon its misrepresentations and in fact intended for Omnilink to rely upon the information.

88.

At the time of said misrepresentations and omissions, Omnilink was ignorant of their falsity and believed them to be true. In justifiable reliance upon these misrepresentations, Omnilink continued to provide services and devices to Nexus Programs.

89.

As a result of Nexus Programs, Nexus Services, Moore, and Donovan's negligent misrepresentations, they have proximately caused injury to Plaintiff, and has resulted in damages or loss to Plaintiff in an amount of at least $1,151,168.45.

**COUNT VI – FRAUDULENT TRANSFERS**
**UNDER THE UNIFORM FRAUDULENT TRANSFER ACT**

90.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

91.

Upon information and belief, Nexus Programs has transferred assets with the actual intent to hinder, delay, and/or defraud Omnilink. And/or Nexus Programs has made transfers without receiving a reasonably equivalent value in exchange for the transfer obligation while engaging in business with Omnilink for which Nexus Programs' assets were unreasonably small in relation to the business transaction for incurred obligations to Omnilink or that Nexus Programs knew was beyond its ability to pay as they became due.

92.

Upon information and belief, said fraudulent transfers were made to Nexus Services, Moore, Donovan, corporations or individuals controlled by Moore and Donovan, and/or other corporations or individuals.

93.

Pursuant to the Uniform Fraudulent Transfer Act, Omnilink is entitled to avoid the transfers that Nexus Programs made to the remaining Defendants and/or any other corporations or individuals.

## COUNT VII – PIERCING THE CORPORATE VEIL

### 94.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 53.

### 95.

Based upon the actions and conduct of the Defendants, as described herein, Plaintiff is entitled to pierce the corporate veil and to hold Nexus Services, Moore, and Donovan responsible for the damages suffered by Omnilink as more specifically set forth herein.

### 96.

Accordingly, Plaintiff respectfully requests that this court exercise its equitable powers and pierce the corporate veil, thereby holding all of the Defendants responsible for damages incurred by Omnilink.

## COUNT VIII – JOINT ENTERPRISE LIABILITY

### 97.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

### 98.

Upon information and belief, Nexus Services, Moore, and Donovan are liable for the acts of Nexus Programs because, at all material times, Defendants were engaged in a joint

enterprise. Defendants had an agreement, a common purpose, a pecuniary interest in that common purpose, and an equal right to direct and control the enterprise.

99.

At all material times, Nexus Programs was acting within the scope of the enterprise.

**COUNT IX – CONSPIRACY**

100.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

101.

Defendants, in combination with one another, agreed (i) that Nexus Programs would breach its obligations under the MSA; and (ii) that Nexus Programs, Nexus Services, Moore, and Donovan would commit fraud, and make fraudulent and negligent misrepresentations to induce Omnilink to refrain from suspending services and/or terminating the MSA, and to continue providing Nexus Programs with products and services.

102.

Defendants knew that the agreed acts would result in harm to Plaintiff, and they did, in fact, harm Plaintiff in an amount of at least $1,151,168.45.

## COUNT X – PUNITIVE DAMAGES

### 103.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

### 104.

Defendants have acted with malice, willful misconduct, fraud, wantoness, oppression, and/or with the intent to harm Omnilink, or with such conscience indifference to the consequences of their actions. Consequently, Plaintiff is entitled to recover punitive damages from Defendants, pursuant to O.C.G.A. §51-12-5.1, in an amount to be determined by the enlightened conscious of an impartial jury.

## COUNT XI – ATTORNEYS' FEES UNDER O.C.G.A. §13-1-11

### 105.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

### 106.

Pursuant to MSA §§6.3, 7.5 and 13.2, Nexus Programs is responsible for paying Omnilink's reasonable costs, expenses, and attorneys' fees incurred in connection with Nexus Programs' default, Omnilink's collection of Nexus Programs' overdue payments, and/or the exercise of Omnilink's remedies under the MSA.

107.

Omnilink hereby again notifies Nexus Programs, pursuant to O.C.G.A. §13-1-11, that Nexus Programs has ten (10) days from the date on which it is served with this Verified Complaint within which to pay all of the unpaid principal and accrued interest due under the MSA in the amount of $1,151,168.45 to avoid paying Omnilink's reasonable attorneys' fees.

108.

If Nexus Programs pays all of such unpaid principal and accrued interest due within the ten (10) day period, Nexus Programs' obligations under the MSA to pay Omnilink's reasonable attorneys' fees will not be enforced.

109.

If Nexus Programs fails to pay the unpaid principal and accrued interest due within the ten (10) day period, Omnilink shall collect, in addition to the principal and accrued interest, reasonable attorneys' fees, as provided in O.C.G.A. §13-1-11.

110.

Notice is hereby given, under Georgia law, that the obligation to pay attorneys' fees, as set forth in the MSA, means fifteen percent (15%) of the first five hundred dollars ($500.00) in principal and accrued interest due and owing, and

ten percent (10%) of the balance of the principal and accrued interest due and owing in excess of five hundred dollars ($500.00).

111.

Accordingly, if Nexus Programs fails to pay $1,151,168.45 within ten (10) days of receipt, it will be responsible for paying Omnilink's attorneys' fees pursuant to the provisions set forth in O.C.G.A. §13-1-11.

**COUNT XII – ATTORNEYS' FEES UNDER O.C.G.A. §13-6-11**

112.

Plaintiff incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 53.

113.

In breaching the MSA, failing to pay for Omnnilink's goods and services despite benefitting, failing to honor commitments under the MSA, committing fraud, and making fraudulent and negligent misrepresentations, Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Omnilink unnecessary trouble and expense.

114.

Accordingly, Plaintiff is entitled to recover against Defendant all costs and expenses of this litigation, including

without limitation, reasonable attorneys' fees from and against Defendant, pursuant to O.C.G.A §13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

(a) Judgment for Plaintiff against Defendant of actual damages in an amount to be determined at trial for breach of contract, *quantum valebant*, *quantum meruit*, fraud, fraudulent misrepresentation, and negligent misrepresentation in an amount to be determined at trial;

(b) Judgment for Plaintiff and against Defendant for statutory, consequential, and punitive damages in an amount to be determined at trial;

(c) Judgment avoiding Nexus Programs' fraudulent transfers to the other Defendants and any other entity or person, pursuant to the Georgia Uniform Fraudulent Transfers Act, and entering judgment in favor or Plaintiff as requested herein;

(d) Judgment for equitable relief wherein the corporate veils and liability protections of Nexus Programs, Nexus Services, Moore, and Donovan are pierced, and each of the Defendants are jointly and severally liable for the damages caused to Plaintiff;

(e) Judgment for Plaintiff and against Defendant for reasonable attorneys' fees, expenses of litigation, and all costs of this action, pursuant to O.C.G.A. §§13-1-11 and 13-6-11;

(f) Judgment for pre-judgment and post-judgment interest; and

(g) All other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury to try all issues in dispute herein.

RESPECTFULLY SUBMITTED this 10th day of September, 2015.

**WONG FLEMING**

By:_____

Tacita A. Mikel Scott
Georgia Bar No. 632283

*Attorneys for Plaintiff*

2000 RiverEdge Parkway
Suite 500
Atlanta, Georgia 30328
Telephone: (404) 848-0115
Facsimile: (404) 848-0883
tscott@wongfleming.com

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| OMNILINK SYSTEMS, INC., | \| |
| | \| |
|     **Plaintiff,** | \| |
| | \| |
| **v.** | \|     CIVIL ACTION |
| | \|     FILE NO. _____ |
| NEXUS PROGRAMS INC., | \| |
| NEXUS SERVICES, INC., | \| |
| RICHARD EDWARD MOORE, AND | \| |
| MICHAEL PAUL DONOVAN, | \|     JURY TRIAL DEMANDED |
| | \| |
|     **Defendants.** | \| |

## VERIFICATION TO COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

STATE OF PENNSYLVANIA    )
                              )    ss.:
COUNTY OF BUCKS           )

      Personally appeared before me, an officer duly authorized to administer oaths, came Theresa D. Pistilli, who states under oath that she is the Assistant Controller of Omnilink Systems, Inc., and is capable and authorized to make this Verification. Ms. Pistilli further states that she has read Plaintiff's Verified Complaint for Damages and Equitable Relief, and represents that the facts stated therein are true and correct to the best of her knowledge, information and belief, based on current available information.

**[SIGNATURE ON NEXT PAGE]**

**[SIGNATURE FROM PREVIOUS PAGE]**

This ___10 th___ day of September, 2015.

NAME

_Theresa D Pestett_
_____

Sworn to and subscribed before me

this ___10 th___ day of September, 2015.

_Mary C M Guirk_
_____
Notary Public

My commission expires: ___MAY 3 2019___

(NOTARIAL SEAL)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Mary C. McGuirk, Notary Public
Doylestown Boro, Bucks County
My Commission Expires May 3, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES